UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | § | |
| | § | |
| Plaintiff-Respondent | § | Civil Action |
| | § | No. SA-10-CA-551-XR |
| v. | § | |
| | § | Criminal Case |
| ERNEST SALAZAR, | § | No. SA-05-CR-651-XR |
| | § | |
| Defendant-Movant | § | |

**SHOW CAUSE ORDER**

Before the Court is Defendant Ernest Salazar's habeas corpus petition pursuant to the original habeas corpus and/or pursuant to 28 U.S.C. § 2241, which this Court construes as a 28 U.S.C. § 2255 motion to vacate, set aside, and correct a federal sentence. Defendant pleaded guilty to possession with intent to distribute in excess of five grams and less than fifty grams of cocaine base, for which he received a 108-month sentence in April 2007. The Fifth Circuit dismissed Defendant's appeal on July 18, 2008. Defendant did not file a petition for writ of certiorari. On September 17, 2009, this Court entered an agreed order reducing Defendant's sentence to 87 months pursuant to 18 U.S.C. § 3582(c)(2).

Defendant contends he is innocent, because he should have been sentenced in accordance with a one to one sentencing ratio of crack cocaine to powder cocaine offenses. He contends this Court lacked jurisdiction, he suffered ineffective assistance of counsel, the judgment was void, and the criminal statutes were never enacted into positive law.

Defendant's § 2255 motion is barred by the one-year statute of limitations of § 2255 which provides that "[a] 1-year period of limitation shall apply to a motion under [§ 2255]." *See Day v. McDounough*, 547 U.S. 198, 209 (2006) (district court may raise limitations defense *sua sponte*); *Kiser v. Johnson*, 163 F. 3d 326, 328-29 (5th Cir. 1999) (same).

Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's conviction became final at the latest after the time expired for appealing the Agreed Order Reducing Sentence entered on September 17, 2008. The last day to appeal was October 1, 2008, which was ten days later (excluding Saturdays, Sundays, and holidays, *see* Fed. R. App. P. 26(a)). *See* Fed. R. App. P. 4(b)(1)(A). The last day on which Defendant could have timely filed a § 2255 motion was October 1, 2009. Defendant's § 2255 motion, dated and deemed filed on June 24, 2010[1], is untimely.

Perhaps anticipating that a § 2255 motion is untimely, Defendant insists this pleading is a § 2241 petition, not a § 2255 motion. The primary vehicle for collaterally attacking a federal sentence is a § 2255 motion, and a § 2241 petition is the proper way to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000). Because Defendant

---

[1] S*ee Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ("a pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing").

collaterally attacks his sentence, this Court construes the pleading as a § 2255 motion.

"[A] § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver*, 211 F.3d at 878; *see also Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir.2003)." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

> "Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir.1999). This Court and other Courts of Appeals have consistently noted that "a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee* [*v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)]; *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000) ( per curiam ); *Charles* [*v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999)]; *Bradshaw* [*v. Story*, 86 F.3d 164, 166 (10th Cir.1996)]; *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988); *Zvonaric v. Mustain*, 562 F.2d 570, 572 n. 1 (8th Cir.1977) ( per curiam ). Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179 ("[W]e agree with the district court that the mere fact Caravalho is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate."); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir.1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective).

*Pack v. Yusuff*, 218 F.3d 448, 452, 453 (5th Cir. 2000).

> The burden falls on the petitioner to demonstrate that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena* [*v. United States*, 243 F.3d 893, 901 (5th Cir.2001)]. We have, however, recognized that the savings clause represents only a "limited exception" and that the petitioner's burden in demonstrating the inadequacy of the § 2255 remedy is a stringent one. *Id*. at 901-02.
>
> A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Id*. at 904; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not

prohibited by law." *Reyes-Requena*, 243 F.3d at 903.

*Christopher v. Miles*, 342 F.3d at 382.

"Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Id*. Defendant is incarcerated in Colorado, so a § 2241 petition would be filed in the appropriate United States District Court in Colorado, rather than in this Court. This court lacks jurisdiction to determine whether a § 2241 petition should be entertained. Nevertheless, Defendant may not proceed pursuant to § 2241 merely because his motion is untimely. *Pack v. Yusuff*, 218 F.3d at 452.

The one-year limitations period can be equitably tolled when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ S. Ct. ___, 2010 WL 2346549 *12 (June 14, 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling applies where the defendant actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. *Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000).

Defendant asserts that his grounds for relief cannot be barred on any procedural basis, including timeliness. Defendant is incorrect. The "miscarriage of justice" exception applies to State procedural defaults, *see Murray v. Carrier*, 477 U.S. 478, 496 (1986), but is not an exception to the statute of limitations in this Circuit, *see Fierro v. Cockrell*, 294 F. 3d 674, 683 n.17 (5th Cir. 2002). A claim of actual innocence does not excuse a late petition and does not warrant equitable tolling of the limitations period. *Cousins v. Lensing*, 310 F. 3d 843, 849 (5th Cir. 2002). "[A] petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." *United States v. Riggs*,

314 F.3d 796, 800 (5th Cir. 2002) (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (brackets in *Riggs*)). "Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255." *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008). Defendant has not shown he is entitled to equitable tolling.

**Defendant is directed to show cause within twenty-one (21) days why his § 2255 motion should not be denied and dismissed as untimely**. If Defendant fails to respond to this Order, his § 2255 motion will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED** on July 9, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE